Filed 6/9/25  P. v. Menchaca CA2/3

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(a). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115(a).

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | B334392 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. VA113040) |
| v. | |
| DANIEL MENCHACA, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Debra Cole-Hall, Judge.  Conditionally affirmed and remanded with directions.

Jonathan E. Demson, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Scott A. Taryle and Daniel C. Chang, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Daniel Menchaca appeals from an order denying his petition for resentencing under Penal Code section 1172.6 at the prima facie stage.[1]  The preliminary hearing transcript established Menchaca was the sole shooter and, when pleading to the charges, Menchaca admitted that, during the course of the attempted murders, he personally and intentionally discharged a firearm.  However, because of an unusual wrinkle in this case—that Menchaca's brother also pleaded to the crimes (apparently as an aider and abettor)—we grant Menchaca's request that we remand the matter to the trial court so Menchaca can, if he wishes, supplement the bare bones petition he filed under section 1172.6.  Accordingly, we conditionally affirm the order denying Menchaca's resentencing petition and remand the matter to the superior court with directions to consider any "additional facts" should Menchaca, within 30 days of that remand, seek to supplement his petition.

## FACTS AND PROCEDURAL BACKGROUND

### 1.    *The charges, plea agreement, and sentence*

In 2010, the People charged Menchaca with attempting to murder Wilson Guzman and Samuel Rivera.  (§§ 664, 187, subd. (a).)  The second amended information added a second defendant—Jonathan Leonis Moore.  According to the record, Moore is Menchaca's brother.  The second amended information alleged that a principal personally used and intentionally discharged a firearm (§ 12022.53, subds. (b), (c), (e)(1)) and that

---

[1]    References to statutes are to the Penal Code.  Effective June 30, 2022, former section 1170.95 was renumbered to section 1172.6, with no change in text.  (Stats. 2022, ch. 58, § 10.)

Menchaca personally used and intentionally discharged a firearm causing great bodily injury to Rivera (§ 12022.53, subds. (b), (c), (d)).[2]

At Menchaca's preliminary hearing,[3] Guzman and Rivera testified they were walking down a street in Bellflower one night in October 2009. Menchaca and two other men pulled up in a car. One man got out of the car and walked up to Guzman, announced he was from the Swan Bloods gang, and began "popping his collar" and making gestures.[4] He challenged Guzman to a fight and Guzman accepted. Guzman soon noticed the man "kept backing away and looking across the street." Guzman grabbed Rivera's hand and began to walk away. The man asked Guzman if he was walking away from the fight, and Guzman turned around and started to say he was not retreating.

Before Guzman could finish what he was saying, Menchaca emerged with a gun and fired four or five rounds. Guzman and Rivera ran. Menchaca shot Rivera in the stomach and the back of his knee. Nobody else was hit.

On May 31, 2011, Menchaca pleaded no contest to attempting to murder Rivera and admitted he personally used a firearm. (§ 12022.53, subd. (c).) He stipulated there was a

---

[2] The second amended information also included assault charges, gang allegations, and additional firearm allegations that are not relevant to this appeal.

[3] Menchaca's preliminary hearing took place before Moore was added to the case. The record on appeal does not reflect whether Moore had a preliminary hearing nor does it contain any reporter's transcript of any such hearing.

[4] It is likely this man was Menchaca's brother, Moore.

3

factual basis for his plea and admission. In accordance with the plea agreement, the court sentenced Menchaca to a determinate term of 25 years, consisting of five years for attempted murder plus 20 years for the firearm enhancement.[5]

## 2.  *Postjudgment proceedings under section 1172.6*

In 2022, Menchaca filed a pro per petition for resentencing under section 1172.6. The petition alleged Menchaca had been convicted of attempted murder and he could not be convicted of that crime today because of the changes to sections 188 and 189. The trial court appointed counsel for Menchaca.

The People's opposition to the petition argued Menchaca was ineligible for resentencing because he was prosecuted as the actual shooter and not under the natural and probable consequences doctrine.

Menchaca filed a reply arguing the trial court could not determine he was ineligible for resentencing without engaging in improper factfinding. The reply did not allege Moore or anyone else was the shooter or otherwise explain how Menchaca might have been convicted under any now-abrogated theory.

The People filed an additional brief arguing Menchaca was ineligible for relief because the preliminary hearing transcript showed he was the actual shooter. The People submitted

---

[5]  On that same date, Moore pleaded no contest to the attempted murders of Guzman and Rivera in exchange for a stipulated sentence of seven years in the state prison. He was not asked to admit, and he did not admit, the "principal" firearm enhancement.

4

Menchaca's felony advisement of rights, waiver, and plea form, and excerpts of the preliminary hearing transcript.[6]

At the hearing, the trial court stated it had reviewed the preliminary hearing transcript, which established Menchaca "was identified as the actual shooter." Menchaca argued the court should not engage in factfinding at the prima facie stage, but he did not object to the court's reliance on or characterization of the preliminary hearing transcript. The People submitted on the briefing. The court reiterated that the preliminary hearing evidence showed Menchaca was the actual shooter, concluded he had failed to make a prima facie showing, and denied the petition.

## DISCUSSION

### 1. *Section 1172.6*

Senate Bill No. 1437 (2017–2018 Reg. Sess.) eliminated the natural and probable consequences doctrine as a basis for finding a defendant guilty of murder and limited the scope of the felony murder rule. (*People v. Lewis* (2021) 11 Cal.5th 952, 957 (*Lewis*).) Effective January 2022, the Legislature extended resentencing eligibility by eliminating the natural and probable consequences doctrine as a means of finding a defendant guilty of attempted murder. (Sen. Bill No. 775 (2021–2022 Reg. Sess.); Stats. 2021, ch. 551, § 2(a).)

Taken together, Senate Bill Nos. 1437 and 775 created a procedure allowing a person convicted of murder, attempted murder, or manslaughter under the former law to seek resentencing if the person could no longer be convicted under the

---

[6] We granted Menchaca's motion to augment the appellate record with the complete preliminary hearing transcript and a transcript of his plea hearing.

5

amended law.  (*Lewis*, *supra*, 11 Cal.5th at p. 959; § 1172.6.)  A defendant convicted of attempted murder starts this procedure by filing a petition and declaring (1) "the charging document allowed the prosecution to 'proceed under a theory of . . . attempted murder under a natural and probable consequences doctrine,' " (2) the defendant "was convicted of the attempted murder charge or accepted a plea offer in lieu of trial on such a charge," and (3) the defendant "could not be presently convicted" under the current law.  (*People v. Patton* (2025) 17 Cal.5th 549, 558 (*Patton*), citing § 1172.6, subd. (a).)  *Lewis* held that "petitioners who file a complying petition requesting counsel are to receive counsel upon the filing of a compliant petition."  (*Lewis*, at p. 963.)  "After the parties have had an opportunity to submit briefings," the trial court must "hold a hearing to determine whether the petitioner has made a prima facie case for relief.  If the petitioner makes a prima facie showing that the petitioner is entitled to relief, the court shall issue an order to show cause." (§ 1172.6, subd. (c).)

The prima facie inquiry is limited.  (*Lewis*, *supra*, 11 Cal.5th at p. 971.)  "It is not, however, simply duplicative of the facial inquiry."  (*Patton*, *supra*, 17 Cal.5th at p. 562.)  In assessing whether a defendant has made a prima facie showing for relief under section 1172.6, the trial court is entitled to review the record of conviction, which will "necessarily inform the trial court's prima facie inquiry under section [1172.6], allowing the court to distinguish petitions with potential merit from those that are clearly meritless."  (*Lewis*, at pp. 971–972; see *Patton*, at p. 563 ["after the appointment of counsel, a court looks beyond the face of the petition"]; *People v. Williams* (2022) 86 Cal.App.5th 1244, 1251.)  At the prima facie stage, a reviewing court may

6

"rely on unchallenged, relief-foreclosing facts within a preliminary hearing transcript to refute conclusory, checkbox allegations" in a petition.  (*Patton*, at p. 564.)

"We independently review the trial court's determination that the petitioner failed to make a prima facie showing for relief."  (*People v. Ramos* (2024) 103 Cal.App.5th 460, 465.)

## 2.	*The record of conviction rebuts Menchaca's conclusory allegations of eligibility for resentencing*

Because Menchaca was charged with and pleaded no contest to attempted murder, he is eligible for relief only if he could have been convicted under the natural and probable consequences doctrine.  (*People v. Coley* (2022) 77 Cal.App.5th 539, 548; § 1172.6, subd. (a).)  This doctrine applies only to accomplices prosecuted under an aiding and abetting theory.  (*People v. Fisher* (2023) 95 Cal.App.5th 1022, 1029 (*Fisher*) [direct perpetrator "could not have been convicted under the natural and probable consequences doctrine"].)

At the preliminary hearing, two witnesses identified Menchaca as the only shooter.  Both witnesses testified under oath and were subject to cross-examination, which supports a conclusion that their testimony is reliable.  The preliminary hearing transcript thus demonstrates Menchaca "was the sole and direct perpetrator of the shooting such that his conviction was not based on the natural and probable consequences theory." (*Patton, supra,* 17 Cal.5th at p. 563; *Fisher, supra,* 95 Cal.App.5th at p. 1029 [natural and probable consequences doctrine does not apply to direct perpetrators].)  Menchaca's "plea to the section 12022.53, subdivision (c) enhancement for intentional discharge of a firearm in the commission of the

7

attempted murder tended to corroborate this view."[7] (*Patton*, at p. 563.) The record of conviction therefore refutes Menchaca's allegations of eligibility and confirms he did not make a prima facie showing.

Menchaca argues a trial court's reliance on evidence presented at the preliminary hearing effectively requires a petitioner to rebut that evidence. He claims this is improper at the prima facie stage. As our high court has explained, however, "requiring nonconclusory allegations" does not "improperly shift a burden of proof to petitioners. Instead, it reflects that, even if the prima facie 'burden' [citations] is a ' "bar" ' that is set ' "very low" ' [citation], a 'petitioner' must nonetheless 'make[ ] a prima facie showing' (§ 1172.6, subd. (c)) to frame a disputed issue that entitles that petitioner to an evidentiary hearing." (*Patton*, *supra*, 17 Cal.5th at p. 566.) Indeed, a petitioner has "multiple opportunities to proffer specific facts" in support of otherwise conclusory allegations, including in the petition itself (which may be accompanied by a substantive brief), in a reply brief, and at the hearing. (*Id.* at p. 567.) At each opportunity, Menchaca could have alleged "specific facts that identify someone else as the direct perpetrator," if any such facts exist, but he failed to do so. (*Ibid.*) Without specific facts, a prima facie showing cannot be based on "mere latent, speculative possibilities; that is, a hypothetical alternate direct perpetrator cannot be conjured from thin air or a legal conclusion." (*Ibid.*)

---

[7] Menchaca argues his admission to personally using a firearm does not itself establish he was "the actual perpetrator." However, our conclusion is not based solely on that admission—it is based also on the uncontroverted evidence from the preliminary hearing showing he was the one and only shooter.

8

Menchaca also contends the trial court necessarily engaged in improper factfinding by relying on the preliminary hearing transcript to determine he was the sole shooter.  Not so.  "Where facts from the record of conviction are undisputed, accepting them over contrary legal allegations that are merely conclusory is not ' "factfinding involving the weighing of evidence or the exercise of discretion." ' " (*Patton*, *supra*, 17 Cal.5th at pp. 565–566.)  "Rather than resolving a contested factual dispute," the uncontested testimony of two percipient witnesses at Menchaca's preliminary hearing "contributed specific factual assertions about his conviction — namely, that it was premised on him being the sole shooter." (*Id*. at p. 569.)

In addition, Menchaca notes he did not plead no contest under any specific theory of liability, and he contends the prosecutor could have pursued a conviction at trial under the now-abrogated natural and probable consequences doctrine.  However, "a defendant convicted by plea cannot show eligibility for relief by asserting the People could have prosecuted him based on invalid theories when the record conclusively establishes that at the time of the plea, the People were operating under only one theory of the defendant's guilt, and that theory is still valid under current law." (*People v. Muhammad* (2024) 107 Cal.App.5th 268, 277, review granted Feb. 19, 2025, S288860.)  As we have discussed, the preliminary hearing transcript establishes the People were proceeding under the still-valid theory that Menchaca was the only shooter.  The "speculative possibilit[y]" that the prosecutor could have later relied on the natural and probable consequences doctrine, despite uncontradicted testimony that Menchaca was the sole shooter, is

9

insufficient at the prima facie stage. (*Patton, supra,* 17 Cal.5th at p. 567.)[8]

In short, on this record Menchaca is ineligible for resentencing under section 1172.6 as a matter of law. On May 8, 2025, however, Menchaca submitted a citation of new authority, citing *People v. Glass* (2025) 110 Cal.App.5th 922. In that case, the court conditionally affirmed the denial of the appellant's resentencing petition but remanded the matter to the superior court to allow the petitioner to plead additional facts in support of an amended petition.

Neither in the trial court nor here on appeal has Menchaca suggested that his brother—or anyone else—was the person who fired the shots at the victims. Nevertheless, in light of the unusual circumstances in this case, in which the People alleged the attempted murder charges against two defendants, we will follow the same course as did the *Glass* court.

---

[8] In the final paragraph of Menchaca's opening brief, he asserts the trial court's denial of his petition violated his due process rights. Menchaca recites several legal standards but his briefing fails to apply those standards to this case. We therefore reject this contention as forfeited. (*People v. Stanley* (1995) 10 Cal.4th 764, 793 [appellate court may reject a claim as forfeited "when an appellant makes a general assertion, unsupported by specific argument"].)

## DISPOSITION

We remand this matter to the superior court with directions to consider any "additional facts" should Menchaca, within 30 days of that remand, seek to supplement his petition. We otherwise conditionally affirm the order denying his resentencing petition.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


EGERTON, J.


We concur:



EDMON, P. J.



ADAMS, J.

11